IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN YATSONSKY, : No. 3:15cv1777
      Plaintiff :
: (Judge Munley)
   v. :
:
STATE FARM FIRE & :
CASUALTY COMPANY, :
      Defendant :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Plaintiff Joan Yatsonsky (hereinafter "plaintiff") asserts state law breach of contract and bad faith claims arising from her homeowners insurance policy with Defendant State Farm Fire and Casualty Company (hereinafter "State Farm").  Before the court for disposition is State Farm's motion to dismiss plaintiff's bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the following reasons, the court will deny State Farm's motion.

**Background**

This matter arises out of a disputed claim on a homeowners insurance policy.  On January 4, 2014, a pipe burst inside plaintiff's home causing extensive damage.  (Doc. 1-2, Compl. ¶ 6).[1]  Plaintiff alleges

---

[1] At the time of the loss, plaintiff insured her home with State Farm under a homeowners insurance policy.  (Doc. 1-2, Compl. ¶ 4).  Plaintiff's

State Farm failed to adequately investigate her claim, and engaged in dilatory and abusive claims handling. (Id. ¶¶ 7-12). Specifically, State Farm visited plaintiff's residence once, five (5) months after the loss occurred, and "only agreed to pay for limited repairs despite extensive water damage." (Id. ¶¶ 11, 20). Furthermore, plaintiff timely provided State Farm with documentation substantiating the extent of the water damage, including estimates from several contractors. (Id. ¶¶ 9-11). State Farm, however, "refused to revise its [June 2014] estimate or pay for all of the resulting damage, including additional living expenses." (Id. ¶ 21).

Plaintiff filed suit in the Court of Common Pleas of Wayne County, Pennsylvania, on August 26, 2015. (Doc. 1-2, Compl.). The complaint alleges breach of contract (Count I) and statutory bad faith under Pennsylvania law (Count II), and demands compensatory and punitive damages. (Id. at ¶¶ 13-25).

State Farm removed the case to this court on September 11, 2015 (Doc. 1), and filed a motion to dismiss Count II, bad faith, on September

---

policy included the following coverage: Dwelling - $134,100.00; Personal Property - $100,575.00; Loss of Use - Actual Loss Sustained; Replacement Cost of Belongings and living expenses for a period of no less than two (2) years for repair or replacement of the structure. (Id. ¶ 12).

18, 2015 (Doc. 3).  The matter has been fully briefed and is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff Joan Yatsonsky is a citizen of Pennsylvania.  (Doc. 1-2, Compl. ¶ 1).  Defendant State Farm is incorporated under the laws of the State of Illinois with its principal place of business in Illinois.  (Doc. 1, Notice of Removal ¶ 14).  Additionally, the amount in controversy exceeds $75,000.[2]  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]");  28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if

---

[2] Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."  Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (internal citation, emphasis and quotation marks omitted).  Here, plaintiff has made a claim for punitive damages under Count II–bad faith.  Thus, the amount in controversy is met because the court cannot find to a legal certainty that the value of plaintiff's claims are below the statutory threshold.

the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).  As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

State Farm filed a motion to dismiss Count II, bad faith, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next

stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

State Farm moves to dismiss Count II, bad faith, under Pennsylvania law.  Pennsylvania's insurance bad faith statute authorizes recovery for an insurance company's bad faith toward an insured.  42 PA. CONS. STAT. ANN. § 8371.  It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." Id.

Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

5

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

The Third Circuit Court of Appeals has adopted the Pennsylvania Superior Court's legal standard for testing the sufficiency of bad faith claims under Section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688). While this test represents the general criteria, the Third Circuit has recognized that bad faith conduct extends to "a frivolous or unfounded refusal to pay, **lack of investigation into the facts**, or a failure to communicate with the insured." Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999) (emphasis

added).

As set forth above, plaintiff alleges State Farm failed to adequately investigate her claim. (Doc. 1-2, Compl. ¶¶ 7-12). Specifically, State Farm visited plaintiff's residence once, five (5) months after the loss occurred, and "only agreed to pay for limited repairs despite extensive water damage." (Id. ¶¶ 11, 20). Furthermore, State Farm refused to revise its estimate even though plaintiff timely provided State Farm with documentation substantiating the extent of the water damage, including estimates from several contractors. (Id. ¶¶ 9-11, 21). Read in conjunction with plaintiff's remaining factual averments, these allegations may satisfy the elements of a cause of action under Section 8371. Accordingly, State Farm's motion to dismiss Count II, bad faith, will be denied.

**Conclusion**

For the above-stated reasons, the court will deny State Farm's motion to dismiss plaintiff's bad faith claim. An appropriate order follows.


**Date:   10/16/15**                                    **s/ James M. Munley**
                                                        **JUDGE JAMES M. MUNLEY**
                                                        **United States District Court**