IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN YATSONSKY, | : | No. 3:15cv1777 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| STATE FARM FIRE & | : | |
| CASUALTY COMPANY, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court is Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") motion for judgment on the pleadings pertaining to Plaintiff Joan Yatsonsky's (hereinafter "plaintiff") state law breach of contract claim under Federal Rule of Civil Procedure 12(c). State Farm asks the court to decide whether the insurance policy's one-year limitation on suit precludes plaintiff's breach of contract claim. Because plaintiff instituted suit beyond the limitations period, and State Farm did not waive or induce plaintiff into delaying her suit, the court will grant State Farm's motion.

## **Background**

This matter arises out of a disputed claim on a homeowners insurance policy. On January 4, 2014, a pipe burst inside plaintiff's home

causing extensive damage. (Doc. 1-2, Compl. ¶ 6).[1] Plaintiff alleges State Farm failed to adequately investigate her claim, and engaged in dilatory and abusive claims handling. (Id. ¶¶ 7-12). Specifically, State Farm visited plaintiff's residence once, five (5) months after the loss occurred, and "only agreed to pay for limited repairs despite extensive water damage." (Id. ¶¶ 11, 20). Furthermore, plaintiff timely provided State Farm with documentation substantiating the extent of the water damage, including estimates from several contractors. (Id. ¶¶ 9-11). State Farm, however, "refused to revise its [June 2014] estimate or pay for all of the resulting damage, including additional living expenses." (Id. ¶ 21).

Plaintiff filed a writ of summons in the Court of Common Pleas of Wayne County, Pennsylvania, on April 27, 2015 and a complaint on August 26, 2015. (Doc. 1-2, Compl.). The two-count complaint alleges state law breach of contract and bad faith claims, and demands

---

[1] At the time of the loss, plaintiff insured her home with State Farm under a homeowners insurance policy. (Doc. 1-2, Compl. ¶ 4). Plaintiff's policy included the following coverage: Dwelling - $134,100.00; Personal Property - $100,575.00; Loss of Use - Actual Loss Sustained; Replacement Cost of Belongings and living expenses for a period of no less than two (2) years for repair or replacement of the structure. (Id. ¶ 12).

compensatory and punitive damages. (Id. ¶¶ 13-25).

State Farm removed the case to this court on September 11, 2015, (Doc. 1), and filed a motion for judgment on the pleadings regarding Count I, breach of contract, on March 10, 2016 (Doc. 17). The matter has been fully briefed and is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Joan Yatsonsky is a citizen of Pennsylvania. (Doc. 1-2, Compl. ¶ 1). Defendant State Farm is incorporated under the laws of the State of Illinois with its principal place of business in Illinois. (Doc. 1, Notice of Removal ¶ 14). Additionally, the amount in controversy exceeds $75,000.[2] Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall

---

[2] Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (internal citation, emphasis and quotation marks omitted). Here, plaintiff has made a claim for punitive damages under Count II–bad faith. Thus, the amount in controversy is met because the court cannot find to a legal certainty that the value of plaintiff's claims are below the statutory threshold.

3

have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).  As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  Under Rule 12(c), judgment should be granted where:

> the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.  In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  In this fashion the courts hope to insure that the rights of the nonmoving

4

>party are decided as fully and fairly on a rule 12(c) motion,
>as if there had been a trial.

Inst. for Scientific Info., Inc. v. Gordon & Breach Sci. Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991) (citing Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980); 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE, § 1367 at 205 (3d ed. 2004)); see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (finding that under Rule 12(c) "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law.").

**Discussion**

State Farm seeks judgment on the pleadings regarding Count I, breach of contract.  State Farm's position is that the insurance policy provides a one-year limitation on bringing suit, which runs from the date the damage occurred.  Plaintiff instituted the instant action approximately fifteen months after a leaky pipe caused extensive water damage to her house.  Thus, according to State Farm, the one-year suit limitation precludes plaintiff's breach of contract claim.

Generally, contract actions have a four-year statute of limitations under Pennsylvania law.  42 PA. CONS. STAT. ANN. § 5525(a).  The

insurance contract at issue, however, establishes a shorter period of limitations.  It provides a one-year limitation to bringing suit.  Specifically, the policy states: "Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within one year after the date of loss or damage."  (Doc. 17-4, Ex. D, Policy at 14).

Such contract provisions are allowed under Pennsylvania law, which provides: "'It is well-settled that a contractual provision limiting the time for commencement of suit on an insurance contract to a period shorter than that provided by an otherwise applicable statute of limitations is valid if reasonable.'"  DiOrio v. Nationwide Mut. Ins. Co., 17 F.3d 657, 660 (3d Cir. 1994) (quoting Lyons v. Nationwide Ins. Co., 567 A.2d 1100, 1102 (Pa. Super. Ct. 1989)).  Under Pennsylvania law, a one-year limitation is reasonable.  Prime Medica Assocs. v. Valley Forge Ins. Co., 970 A.2d 1149, 1156 (Pa. Super Ct. 2009) (citing cases).

In the instant matter, the limitations period commenced on the date of the loss, January 4, 2014.  (Doc. 1-2, Compl .¶ 6).  The limitations period is one year.  (Doc. 17-4, Ex. D, Policy at 14).  Thus, to be timely, this breach of contract action had to be commenced by January 4, 2015.

Plaintiff, however, did not institute the instant action until April 27, 2015–the day she filed a writ of summons. See PA. R. CIV. P. 1007 (stating that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint."). April 27, 2015 is beyond the one-year limitations period. Thus, plaintiff's breach of contract claim is untimely.

Plaintiff counters that her complaint is not untimely, arguing that no loss occurred until after State Farm denied all of her claims. Because State Farm did not deny all of plaintiff's claims until after she filed this lawsuit, the date of loss, according to plaintiff, actually occurred after this action began. Therefore, plaintiff asserts her breach of contract claim is timely.

Plaintiff cites no binding authority for this proposition, and our research has uncovered none. Indeed, Pennsylvania caselaw compels the opposite conclusion. The Pennsylvania Supreme Court has determined that the "date of loss" triggering the limitations period runs from the "inception of the loss." Gen. State Auth. v. Planet Ins. Co., 346 A.2d 265, 267-68 (Pa. 1975). Here, the inception of the loss, as stated in plaintiff's complaint, occurred on January 4, 2014, when a pipe burst

inside plaintiff's home causing extensive damage. (Doc. 1-2, Compl. ¶ 6). The one-year suit limitation period, therefore, commenced on January 4, 2014. As such, plaintiff's contention that the one-year limitations period did not begin until after State Farm denied all of her claims lacks merit.

Plaintiff also urges the court to recognize that in certain circumstances, a limitations of suit provision will not be permitted to preclude a delayed suit. Specifically, the Pennsylvania Supreme Court has held that a suit limitations period "may be extended or waived where the actions of the insurer lead the insured to believe the contractual limitations period will not be enforced." Gen. State Auth., 346 A.2d at 267 n.6. Plaintiff contends that at this stage of the litigation, factual issues preclude a determination on the pleadings regarding whether State Farm's actions, either active or passive, were responsible for her three month delay in commencing this action. We disagree.

Pennsylvania law provides that suit limitation clauses are subject to the defenses of waiver and estoppel. Prime Medica Assocs., 970 A.2d at 1156. Waiver is "a voluntary and intentional abandonment or relinquishment of a known right" that may be established by "a party's express declaration or by a party's undisputed acts or language so

8

inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship, 610 A.2d 499, 501 (Pa. Super. Ct. 1992) (citation omitted); Prime Medica Assocs., 970 A.2d at 1156.

Additionally, equitable estoppel is defined as:

> a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. A doctrine sounding in equity, equitable estoppel recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment may be enforced in equity.

Prime Medica Assocs., 970 A.2d at 1157 (citing Kreutzer v. Monterey Cnty. Herald Co., 747 A.2d 358, 361 (Pa. 2000)). Estoppel requires the presence of two elements: (1) inducement to act; and (2) justifiable reliance on that inducement. Kreutzer, 747 A.2d at 362. "The burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal . . . mere silence or inaction is not a ground for estoppel unless there is a duty to speak or act." Farmers Trust Co. v. Bomberger, 523 A.2d 790, 793-94 (Pa. Super. Ct. 1987) (citations omitted); Prime Medica Assocs., 970 A.2d at 1157 (citations omitted).

In the instant matter, plaintiff's waiver and estoppel claims fail. Plaintiff argues State Farm waived the one-year suit limitation because a claims note dated January 9, 2015, advised plaintiff she had two years to bring suit.  (Doc. 20-2, Ex. B, Claim note dated 01/09/2015).  The State Farm representative, however, created this note five days **after** the one-year suit limitations period expired on January 4, 2015.  Additionally, the claim note's two-year deadline refers to the fact that, under State Farm's policy, plaintiff had two years from the date of loss to complete repair or replacement of the damaged areas and make a claim for withheld replacement cost benefits.  The claim note does not refer to the one-year limitations on suit provision.

Moreover, State Farm mailed plaintiff letters on February 24, 2014, June 21, 2014, June 23, 2014, and July 22, 2014.[3]  (Doc. 17-5, Ex. E,

---

[3] The Third Circuit Court of Appeals generally provides that a district courts may not consider matters extraneous to the pleadings when considering a motion for judgment on the pleadings.  Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 256 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  Such consideration of extraneous matters would convert the motion for judgment on the pleadings into a motion for summary judgment.  FED. R. CIV. P. 12(d).
    The Third Circuit, however, notes an exception to this general rule. Specifically, a district court may consider matters and documents extraneous to the pleadings without converting the motion into one for

State Farm Letters). All four letters place plaintiff on notice that any lawsuit must be commenced within one-year after the date of loss or damage–January 4, 2014. (Id.) Accordingly, the pleadings unequivocally establish that State Farm did not waive the one-year suit limitation.

Plaintiff next contends estoppel precludes State Farm from enforcing the one-year limitations period. As previously stated, plaintiff asserts that on January 9, 2015, State Farm advised plaintiff she had two-years to bring suit. Additionally, plaintiff asserts state Farm continued investigating her claim up and until the one-year limitations period expired. Because plaintiff's equitable estoppel arguments mirror her waiver arguments, the analysis given above is equally applicable here. Ergo, we will find that plaintiff's equitable estoppel arguments fail as a matter of law.

---

summary judgment when the document is "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Litig., 114 F.3d at 1426 (citation omitted).

Here, consideration of State Farm's letters clearly falls within this exception for two reasons. First, plaintiff's complaint explicitly relies upon these letters. (Doc. 1-2, Compl. ¶¶ 10-11). Second, the letters form the heart of plaintiff's complaint. Thus, State Farm's letters are just the kind of evidence the "integral" documents exception was intended to encompass, so that plaintiff cannot maintain a claim "by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement [did not support the claim]." In re Burlington Coat Factory, 114 F.3d at 1426.

**Conclusion**

Based upon the above reasoning, the court will grant state Farm's motion for judgment on the pleadings regarding Count I–breach of contract.[4]  State Farm's suit limitations provision is valid under Pennsylvania law.  Additionally, State Farm did not waive its limitations provision nor induce plaintiff into delaying her suit.  Therefore, the sole remaining claim in this matter is Count II-bad faith.  An appropriate order follows.

Date:  04/27/2016                          s/ James M. Munley
                                                              **JUDGE JAMES M. MUNLEY**
                                                              **United States District Court**

---

[4]  The court will grant judgment in favor of State Farm on this claim as any amendment would be futile.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).